IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRAIG DANNY GONZALES,

    Petitioner,                  No. CIV S-09-3258 FCD DAD P

    vs.

DARREL G. ADAMS,

    Respondent.             FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered against him on October 22, 2007 in the Sacramento County Superior Court on charges of sale/transportation of methamphetamine, forgery, false representation, passing forged material, passing forged checks, possession of a forged driver's license, possession of methamphetamine for sale, committing a felony while on bail, and theft of personal identification.  He seeks federal habeas relief on the grounds that his initial detention was not supported by probable cause, in violation of the Fourth Amendment.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

/////

1

BACKGROUND

> On the eve of trial . . . defendant Craig Gonzales accepted an offer of a 20-year prison sentence for his plea of guilty to all counts in his 2003/2005 case (03F07705) and one count in his 2006 case (06F11190). . . .
>
> There was a third case from 2005 (05F09704), which the trial court formally consolidated under the number of the 2003 case in April 2006. Yet another case from 2005 (05F03972) was dismissed as part of the plea bargain, and the court sustained a petition alleging a probation violation in a 2002 case (02F08160) but did not impose any additional prison time in connection with it.
>
> As ultimately structured, the total sentence was 19 years 8 months.

Supplement to Answer to Petition for Writ of Habeas Corpus (Doc. No. 12) (hereinafter Opinion), at 2-3.[1] Petitioner's judgment of conviction was affirmed on appeal by the California Court of Appeal for the Third Appellate District in a reasoned decision.[2] (Id. at 2-9.) Petitioner subsequently filed a petition for review in the California Supreme Court, which was summarily denied on June 10, 2009. (Resp't's Lod. Doc. 4.)

ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See <u>Peltier v. Wright</u>, 15 F.3d 860, 861 (9th Cir. 1993); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000); <u>Middleton</u>, 768 F.2d at 1085. Habeas

/////

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system.

[2] In response to one of the issues raised by petitioner on appeal, the state appellate court adjusted petitioner's presentence credits. (Opinion at 7-9.)

corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008). See also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). See also Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque,

475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of a petitioner's claim the AEDPA's deferential standard does not apply and a federal habeas court must review the claim de novo.  Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

II. Petitioner's Claim

Petitioner's sole claim of entitlement to federal habeas relief is that his conviction resulted from a detention "that was not supported by the requisite probable cause or reasonable suspicion," in violation of the Fourth Amendment.  (Pet. at 5; Attach. to Pet. (hereinafter P&A), at 2.)  The California Court of Appeal explained the background to petitioner's argument in this regard and its rejection of that argument, as follows:

> **I. Suppression Motion**
>
> In September 2003, narcotics detectives had secured a Rancho Cordova home (after arresting its occupant for selling drugs) while they awaited a search warrant.  They were in plain clothes with their badges and guns on their belts.  Positioning themselves in the front yard next to a driveway-length boat in order to partially conceal themselves from any prospective buyers, they observed a van park at the curb on the other side of the boat.
>
> The defendant got out of the passenger side and moved toward the house, walking between the garage and the boat.  He asked if the resident was there.  One of the detectives, who had moved to the midsection of the boat as the defendant approached, walked toward him and said the resident was unavailable.  He identified his group as deputies and asked the defendant if he had weapons or anything illegal on his person.  The defendant denied having anything of the sort in his possession and invited the detective to search him.  The detective, with the assistance of a second detective, patted down the defendant.  He asked the defendant's name and whether he was on probation or parole.  The defendant admitted that he was on parole.  Although the second detective believed that they had taken hold of the defendant before asking these questions, the first was certain that they had not applied physical restraints at any time.

/////

Other than generalized beliefs that people approaching a residence where drug sales take place could be seeking to make a transaction and could be armed, the detectives did not have any particularized suspicions about the defendant. Based solely on the defendant's status as a parolee, the second detective approached the van[3] and searched the area around the passenger seat, finding drugs and evidence of identity fraud in a large wallet under the seat and in a bag next to it. Placing the defendant under arrest, they searched him and found a wallet that had a key to a motel room in it. Identity fraud detectives searched the motel room, finding additional evidence of identity fraud and drug use.

The trial court gave credence to the first detective's account of the encounter with the defendant, finding that the defendant had voluntarily approached the officers and consented to a patdown. Since there were not any other indicia of a detention, the question regarding his parole status was proper and therefore defendant's affirmative response and its fruits were admissible. The court queried whether the defendant had standing to challenge the admission of items found in the car, but did not rest its ruling on this basis.[4] It therefore denied the motion.

The defendant's entire argument on appeal rests on a view of the facts favorable to him. He contends that the detectives approached him and physically restrained him before asking the question that led to the discovery of his parole status, but even if we (as we must) view the facts in favor of the ruling, "two armed officers approached questioned [sic] a person walking down the street about weapons, drugs, and his parole status," which under all the circumstances was a showing of authority that would communicate to reasonable people that they were not free to leave. (Michigan v. Chesternut (1988) 486 U.S. 567, 569 [100 L. Ed.2d 565, 569].) As a result, he argues that the detention was illegal because the detectives lacked reasonable articulable bases to question him. (Terry v. Ohio (1968) 392 U.S. 1, 21-22 [20 L. Ed.2d 889].)[5]

---

[3] The detective had determined that the driver was unlicensed and handcuffed him while he conducted the search. He did not cite the driver. However, he asserted that he could have impounded the van for lack of a licensed driver, and would have conducted an inventory search.

[4] The court also asserted an alternative basis for its ruling, finding that the detectives could reasonably suspect a visitor to the premises of having a connection with it and being armed. (Exempli gratia, People v. Glaser (1995) 11 Cal.4th 354, 370-373.) The parties do not address this basis on appeal, and we note that the detectives did not assert any particularized suspicion of the defendant in their testimony.

[5] The People attempt to assert the defendant's lack of standing as a passenger and as a parolee to challenge the searches. This disregards the nature of the defendant's argument, id est, the status of the evidence as the fruit of an illegal detention.

5

> We disagree. The defendant voluntarily walked onto the property and approached a group of visibly identifiable and armed deputies to inquire about the occupant. When the detective replied with a question about dangerous or illegal items on his person, the defendant did not simply answer in the negative and attempt to leave (putting the detectives to the test of whether to detain him or not). He instead invited the detective to search him, at which point the detective asked if defendant was on probation or parole. Unlike the cases defendant cites, nothing about this encounter involved a display of authority over a person that a patrolling officer has come across, under which even the politest of inquiry must be found coërcive.[6] Rather, it is akin to People v. Franklin (1987) 192 Cal. App.3d 935, 940, where even though the patrolling police car spotlighted a pedestrian and parked a distance behind him, the pedestrian of his own accord approached the car without any other communication from the officer. When the officer got out to meet him and ask him to take his hands out of his pockets, the encounter was deemed consensual.
>
> The trial court correctly denied the motion on this basis. We therefore need not address his arguments regarding the lack of reasonable articulable facts to support a detention.

(Opinion at 3-7.)

The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). See also Woolery v. Arave, 8 F.3d 1325, 1326 (9th Cir. 1993); Terrovona v. Kincheloe, 912 F.2d 1176, 1177-78 (9th Cir. 1990) (habeas claim based on alleged warrantless arrest barred by Stone). Despite petitioner's allegations to the contrary, there is no evidence before this court that he was not provided a full and fair opportunity to litigate any Fourth Amendment claim he

---

[6] People v. Garry (2007) 156 Cal. App.4th 1100, 1104, 1111-1112 [patrolling police car spotlights pedestrian on corner; officer "briskly" approached and questioned him about parole status]; People v. Roth (1990) 219 Cal. App.3d 211, 213, 215 [patrolling police car spotlighted pedestrian in parking lot; as officers approached, told him they wanted to ask him questions]; People v. McKelvy (1972) 23 Cal. App.3d 1027, 1032, 1034 [patrolling police car spotlights pedestrian crossing lawn; several officers with drawn weapons approach and asked him to produce item he had put into pocket when illuminated].)

6

wished to present in state court. On the contrary, petitioner informs the court that his trial attorney represented him at a "suppression hearing" in the state trial court on September 16, 2005. (P&A at 5.) The state court record confirms that petitioner's suppression motion was fully and fairly litigated in the trial court and that the trial judge conducted a meaningful inquiry into petitioner's claims. (Resp't's Lod. Doc. 2 at 500-06; Lod. Doc. 3 at 103-51.) The fact that petitioner believes the state court's decision with respect to his motion to suppress evidence was wrong does not mean that the hearing provided was unfair. See Terrovona, 912 F.2d at 1179 (where state trial court gave "ample consideration" to the legality of petitioner's arrest and the state appellate court considered the issue of probable cause as well, a full and fair opportunity to litigate the Fourth Amendment claim was provided and habeas review is barred by Stone); Abell v. Raines, 640 F.2d 1085, 1088 (9th Cir. 1981) (same).

Accordingly, petitioner's Fourth Amendment claim is barred in this federal habeas proceeding. Stone, 428 U.S. at 494.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules

Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 4, 2011.

DAD:8
gonzales3258.hc

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE